EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Implantación de la Ley del Colegio de Abogados, Ley Núm. 43 de 14 de mayo de 1932, según enmendada por las Leyes Núm. 121 de 13 de octubre de 2009 y Núm. 135 de 6 de noviembre de 2009 | 2010 TSPR 1<br><br>177 DPR _____ |

Número del Caso: EM-2010-1

Fecha: 5 de enero de 2010

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Implantación de la Ley del
Colegio de Abogados, Ley Núm.
43 de 14 de mayo de 1932,
según enmendada por las Leyes          EM-2010-1
Núm. 121 de 13 de octubre de
2009 y Núm. 135 de 6 de
noviembre de 2009

RESOLUCIÓN

San Juan, Puerto Rico, a 5 de enero de 2010.

Mediante la Ley Núm. 121 de 13 de octubre de 2009, según enmendada por la Ley Núm. 135 de 6 de noviembre de 2009, se derogó el requisito de colegiación compulsoria al Colegio de Abogados de Puerto Rico para ejercer la profesión de la abogacía en nuestra jurisdicción.

A tenor con lo dispuesto en el Artículo 2 de la Ley Núm. 135, *supra*, este Tribunal "podrá, de entenderlo necesario, establecer mediante Resolución el cobro de una cuota que no será mayor de doscientos dólares (200)" a aquellos abogados y abogadas que opten por no estar afiliados al Colegio de Abogados. Considerando lo dispuesto en dicha Ley, este Tribunal dispondrá mediante reglamentación si se cobrará en el futuro una anualidad, el sistema de recaudación, cobro y distribución de la misma, así como lo relacionado con la expedición de las tarjetas de identificación.

Se les recuerda a los abogados y abogadas que a tenor con lo dispuesto en el Artículo 7 de la Ley Núm. 135, *supra*, deberán presentar

Implantación de la Ley del Colegio de
Abogados, Ley Núm. 43 de 14 de mayo de 1932,
según enmendada por las leyes Núm. 121 de
13 de octubre de 2009 y Núm. 135 de 6 de
noviembre de 2009                                        Página 2

cualquier documento o formulario ante los tribunales debidamente firmados con el número de identificación asignado por este Tribunal al momento de su juramento.

Recientemente, mediante misiva del 25 de noviembre de 2009, la Secretaria de este Tribunal le informó a todos los abogados y abogadas el número asignado a cada uno según se refleja en el Registro Único de Abogados y Abogadas de este Tribunal (RUA). Cualquier abogado y abogada puede obtener dicho número comunicándose con la Secretaria del Tribunal Supremo.

A tenor con lo dispuesto en el Artículo 8 de la Ley Núm. 135, *supra*, se le recuerda al Colegio de Abogados su deber de notificar a la Secretaria del Tribunal Supremo los nombres de los abogados y abogadas que optaron por colegiarse voluntariamente y de remitir a este Tribunal los expedientes de aquellos abogados o abogadas que al presente no se afiliaron en el término dispuesto en ley.

Por otro lado, conforme con lo que dispone la Ley Notarial, Ley Núm. 75 del 2 de julio de 1987, 4 L.P.R.A. sec. 2001 *et seq*, los notarios o notarias deberán prestar una fianza notarial. Dicha fianza deberá ser hipotecaria, prestada por una compañía de seguros autorizada para hacer negocios en Puerto Rico, o por el Colegio de Abogados de Puerto Rico, al que se autoriza a cobrar por la prestación de esa garantía, la cantidad que estime razonable. Artículo 2 de la Ley Notarial, 4 L.P.R.A. sec. 2011. Todas las cantidades que recaude el Colegio de Abogados por la prestación de esa garantía ingresarán en un "Fondo Especial" por concepto de primas de la fianza notarial, el cual será administrado en la forma que se establece en el Artículo 79 de la Ley Notarial, 4 L.P.R.A. sec. 2141.

Las disposiciones de ley sobre la fianza notarial no fueron modificadas por las enmiendas a la Ley del Colegio de Abogados, *supra*. Como la Ley Notarial, *supra*, no sujeta la prestación de la fianza del Colegio de Abogados a los notarios afiliados a dicha institución, y a que el Fondo Especial está compuesto por el pago de las primas de fianzas que la Ley Notarial autoriza, el Colegio de Abogados debe continuar ofreciendo la fianza notarial a todo abogado o abogada que así lo solicite.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo